**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Case No. C-1-00-412

PETER M. HAGAN, JR.

    Plaintiff-Appellant,

                                      (Weber, Judge)

v.

WARNER/ELEKTRA/ATLANTIC
CORPORATION,

    Defendant-Appellee.

**PLAINTIFF-APPELLANT'S MOTION TO STRIKE
DEFENDANT/APPELLEE'S BILL OF COSTS**

Donald B. Hordes, Esq.  (0014212)
SCHWARTZ, MANES & RUBY
2900 Carew Tower, 441 Vine Street
Cincinnati, Ohio  45202-3090
(513) 579-1414 │ (513) 579-1418 FAX
dhordes@smrfirm.com

Attorney for Plaintiff-Appellant,
Peter M. Hagan, Jr.

Plaintiff/Appellant Peter M. Hagan, by his undersigned counsel, moves this Court to strike Defendant/Appellee Warner Elektra Atlantic, Inc.'s ("WEA's") Bill of Costs in the above captioned case, as circumstances exist which are sufficient to rebut the presumption that the taxation of Defendant/Appellee's costs are appropriate. In the alternative, Plaintiff/Appellant moves this Court to reduce the amount of costs to be taxed, as most of the costs incurred in Defendant/Appellee's Bill of Costs were unnecessary to its defense of the allegations contained in Plaintiff/Appellant's complaint.

U.S.C. §§ 1920 and 1923 provide for the taxation of various of the costs of the prevailing party against the losing party. However, taxation of such costs are not mandatory, but rather a matter of discretion by the trial court. *U.S. v. Bowden*, 182 F.2d 251 (10th Cir. 1950).

In *White & White v. American Hospital Supply Corp*, 786 F.2d 728 (6th Cir. 1986), the Sixth Circuit held that a District Court may take into consideration a number of factors in determining whether an award of costs to the prevailing party is appropriate. Among these relevant factors are: (1) the good faith of the unsuccessful litigant, (2) whether the costs sought to be taxed were necessary, not merely reasonable, to the litigation, (3) the length of the trial and the complexity of the issues being litigated, and (4) whether the case was "close and difficult". Id. at 731-733. See also *U.S. Plywood Corp. v. General Plywood Corp.*, 370 F.2d 500 (6th Cir. 1966). All such mitigating factors are present in this case.

Plaintiff /Appellant Peter Hagan brought his suit in good faith. He had been summarily demoted and later passed over for transfer in favor of a less qualified and younger African American employee. Prior to that time, he had been well regarded as an employee and received numerous accolades for his superior performance. While the Court ultimately found that he

could not make out a prima facie case of reverse race or age discrimination, there is no indication from the Court's decision that my client's belief that he was treated discriminatorily was somehow illegitimate or contrived, or that he filed his complaint in bad faith.  Nor does Defendant ever assert that my client's claims were frivolous.  Mr. Hagan's good faith filing and prosecution of his lawsuit is buttressed by the fact that he financed his attorney's discovery effort.  He paid for the taking over 10 depositions in New York City, Philadelphia, Atlanta, Cleveland, Chicago, Cincinnati and Los Angeles.  He underwrote the cost of travel for both himself and his undersigned attorney to take these depositions, as well as the numerous depositions taken by the Defendant Appellant.  Throughout this time, he was either not working at all, or was employed in a job in which he was earning a fraction of what he had been earning while employed by Defendant/Appellee.  A plaintiff does not make such time and monetary sacrifices unless he honestly believes in the validity of his case.

     Good faith, while a relevant consideration, does not, without the presence of the other factors listed above, constitute grounds for the District Court Judge to rule that the taxation of costs are inappropriate.  However, other such factors exist in this case.  The vast majority of the depositions for which Defendant/Appellee seeks the attendance and transcription costs were not necessary to the litigation.  It is not enough that the prevailing party's deposition transcription expenses were reasonable.  They must be necessary.  A close reading of this Court's decision granting Defendant/Appellee summary judgment indicates that the Court did not rely on the facts contained any of the depositions noted by Defendant/Appellee in its Bill of Costs, except perhaps the deposition of Plaintiff/Appellant Hagan.  The Court rejected Plaintiff/Appellant's claim right out of the box inasmuch as he had not made out his prima facie case of reverse race discrimination.  The Court noted that Plaintiff/Appellant was unable to demonstrate that his 1995

claim demotion rose to the level of an adverse action or that he suffered any measurable damages. The Court could make these findings based on its reading of the deposition of Plaintiff/Appellant alone. It did not need to review or rely upon any of the other depositions. The Court further held that Plaintiff/Appellant failed to make out a prima facie case of reverse race discrimination in that he could not adduce evidence that Defendant/ Appellee was that unusual type of employer who discriminated against the majority. Again, the Court could easily make such a finding based solely on the deposition of Plaintiff/Appellant. Even were the costs of taking Plaintiff/Appellant Hagan's deposition be deemed taxable, $1,590.49 of the reporter's attached invoice to Defendant/Appellee was for expedited delivery of the transcript, which was totally unnecessary.

While there never was a lengthy trial, there was lengthy discovery, involving as it did the depositions of over 20 employees totaling over 3500 pages, and about 50 lengthy exhibits. Furthermore, the issues were complex. This was no run-of-the-mill discrimination case. It involved the issue of reverse race discrimination, which has unique burdens of proof of its own. Plaintiff/Appellant was attempting to prove his race discrimination case through both the direct and indirect method, both of which called for different elements of proof. The Court also had to grapple with the impact of private sector affirmative action plans on the ability of Plaintiff/Appellant to prove either direct or indirect evidence of race discrimination. Also before the court was whether plaintiff had suffered an adverse employment action with measurable damages, and whether Plaintiff/Appellant and his African American comparators were similarly situated. The Plaintiff/Appellant had to apply the principles of law on each of these many issues to two complete different actions taken by Defendant/Appellee against him, first a demotion, and four years later, a failure to transfer. There was a similar analytical

4

undertaking regarding Plaintiff/Appellant's allegations of unlawful age discrimination. Based on all of these circumstances, it is not surprising that the briefs both in favor and against summary judgment contained very lengthy narrations of the facts, and multifaceted discussions of the law.

Finally, this case was "close and difficult", even though Defendant/Appellee was the clear winner. As this Court held in *White & White*,

> The closeness of a case is judged not by whether one side clearly prevails over the another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case.

Id at 732-733.

Counsel for Plaintiff/Appellant respectfully submits that this court had to have gone through such an exercise in this case, when it waded through the numerous factual and legal issues it faced in this case. In resolving the legal issues, Plaintiff/Appellant on numerous occasions cited to this Court case authority from other circuits which the Court should adopt in reaching its decision. This was done in the context of either attempting to persuade the Court to abandon questionable 6th circuit precedent, or to adopt the law of a sister circuit when there was no clear 6th circuit law on point.

For all of these reasons, it would be inappropriate and inequitable for Defendant/Appellee's claimed costs of $10,755.92 to be taxed to Plaintiff Appellant Peter M. Hagan over and above the considerable expenses he has had to pay out-of-pocket on his own behalf. At minimum, if costs are to be taxed at all, they should be limited to the costs associated with the taking of the deposition of Plaintiff/Appellant himself, minus the costs associated with expedited delivery.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL : | s/ Donald B. Hordes<br>Donald B. Hordes    (0014212)<br>SCHWARTZ, MANES & RUBY<br>2900 Carew Tower<br>441 Vine Street<br>Cincinnati, Ohio  45202-3090<br>513/579-1414 \|FAX 513/579-1418<br>dhordes@smrfirm.com<br>Attorney for Plaintiff-Appellant, Peter M. Hagan, Jr. |

CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff-Appellant's Plaintiff-Appellant's Motion to Strike, or in the Alternative to Reduce, Defendant Appellee's Bill of Costs was served by ordinary U.S. Mail on David Skidmore, Esq., Frost, Brown and Todd, 2500 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 45202-4182, on this 7th day of April, 2004.

s/Donald B. Hordes
Donald B. Hordes

(104818_1)