# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

PETER M. HAGAN,                :    Case No.: C-1-00-412

           Plaintiff         :    (Judge Weber)

      v.                    :

WARNER/ELEKTRA/ATLANTIC    :    **DEFENDANT WEA'S RESPONSE TO**
CORP.,                      :    **PLAINTIFF'S MOTION TO STRIKE**
                             :    **WEA'S BILL OF COSTS**

           Defendant.      :

Defendant Warner Elektra Atlantic Corporation ("WEA") won this case. It won on summary judgment. It won in the Sixth Circuit, without dissent (Judges Nelson, Clay, and Cook). It won on the Motion for Rehearing in the Sixth Circuit. It won the Petition for En Banc Review without a single Judge voting for an *en banc* review of the case. Finally, it won the Petition for Certiorari in the United States Supreme Court. Plaintiff Peter Hagan, a middle-aged, white man claimed that other middle-aged white men at WEA discriminated against him because he was a middle-aged white man. The federal court system determined that no reasonable jury could determine that Hagan was the victim of discrimination. Throughout this entire case, not a single judge disagreed with that basic conclusion. Hagan may call this a "close and difficult" case. It was not.

The Federal Rules provide that: "**costs** other than attorneys' fees **shall be allowed as of course to the prevailing party** unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d) (emphasis added). The Sixth Circuit has explained that while, of course, a district court retains

the authority to depart from this Rule, the imposition of costs is the "norm." White & White, Inc. v. American Hospital Supply Corp., 786 F.2d 728, 731 (6th Cir. 1986). Consequently, costs are routinely awarded in cases like this one. See, e.g., Bawle v. Rockwell Int'l Corp., 2003 U.S. App. LEXIS 22797 (6th Cir. Nov. 4, 2003) (awarding $19,457.47 in costs in a discrimination case) (attached hereto as Exhibit A); Bivins v. United States Pipe & Foundry Company, 2002 U.S. App. LEXIS 21505 (6th Cir. Oct. 10, 2002) (remanding the case to the district court to award costs or to state why costs should not be awarded in a discrimination case) (attached hereto as Exhibit B).

Plaintiff Hagan attempts to avoid the normal imposition of the costs by making a misplaced argument that the depositions were not necessary. Hagan fails to mention that it was Hagan, not WEA, who chose to conduct depositions in New York, Atlanta, Philadelphia, Chicago, and Los Angeles. Those depositions were filed with the Court – and those depositions were used by both sides in arguing the Motion for Summary Judgment, the Sixth Circuit appeal, and the Petition for Certiorari, and used by the federal courts in deciding this case.

Defendant WEA did **not** submit costs for numerous other depositions in this case that were not used in the Motion for Summary Judgment. Nor did WEA submit its costs associated with the many subpoenas that it never used in its Motion for Summary Judgment. Thus, WEA is only seeking costs for those depositions that were necessary to the disposition of the litigation. In light of the fact that the Sixth Circuit has approved of costs in a discrimination case nearly double those presented by WEA, see Bowle, 2003 U.S. App. LEXIS 22797, this Court should approve of WEA's far more modest costs in this case.

WEA won this case every step of the way.  This Court should now award it its costs of $10,800.38 as set forth in its Bill of Costs.

Respectfully submitted,

/s/  David A. Skidmore, Jr.
David A. Skidmore, Jr. (0056045)
Andrew R. Kaake (0072585)
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio  45202-4182
(513) 651-6800

Trial Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant WEA's Defendant WEA'S Response To Plaintiff's Motion To Strike WEA'S Bill Of Costs was served upon Donald Hordes, Schwartz, Manes & Ruby, 2900 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202, electronically this ___ day of January, 2005.

/s/  David A. Skidmore, Jr.