# Exhibit A

VISHWAS BAWLE, et al., Plaintiffs-Appellants, v. ROCKWELL INTERNATIONAL CORPORATION, Defendant-Appellee.

Nos. 01-2557 and 02-1355

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

79 Fed. Appx. 875; 2003 U.S. App. LEXIS 22797

November 4, 2003, Filed

**NOTICE:**
**PUB-STATUS:** [**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN. 97-75014. Cleland. 10-02-01. 03-06-02.

**DISPOSITION:** Affirmed.

**COUNSEL:** For JOEL KARCZEWSKI, Plaintiff - Appellant: Steven M. Cabadas, Bloomfield Hills, MI.

For ROCKWELL INTERNATIONAL CORPORATION, Defendant - Appellee: Ernest R. Bazzana, Plunkett & Cooney, Detroit, MI.

For ROCKWELL INTERNATIONAL CORPORATION, Defendant - Appellee: James R. Kohl, Law Offices of James R. Kohl, Northville, MI.

For Steven M. Cabadas, Appellant: Arthur A. Garton, Attorney, Garton & Vogt, Clinton Township, MI.

**JUDGES:** Before: MARTIN and SUTTON, Circuit Judges; MILLS, District Judge. *

* The Honorable Richard Mills, District Judge for the Central District of Illinois, sitting by designation.

**OPINIONBY:** Sutton

**OPINION:** [*876] SUTTON, Circuit Judge. Plaintiffs filed claims against their former employer, [**2] Rockwell International Corporation, under the *Age Discrimination in Employment Act* and the *Employee Retirement Income Security Act*. At the close of the case, the district court awarded costs to Rockwell as the prevailing party and imposed sanctions on plaintiffs' attorney. Plaintiffs and their attorney appeal both rulings. Because we conclude that the district court did not abuse its discretion in either respect, we AFFIRM.

I.

The sanctions and cost awards stem from protracted litigation that both parties pursued aggressively. On September 29, 1997, plaintiffs filed a lawsuit against Rockwell, claiming that the company wrongfully discharged them in violation of the Age Discrimination in Employment Act ("ADEA"), *29 U.S.C. § 621 et seq.*, and in violation of the anti-discrimination provisions of the Employee Retirement Income Security Act ("ERISA"), *29 U.S.C. § 1140*. Two and one-half years later, the district court granted Rockwell partial summary judgment, after which the parties settled the remaining ADEA claims, leaving just the ERISA claims for trial.

In preparation for the bench trial, the district court asked the parties [**3] to submit a joint pretrial order by September 11, 2000, roughly five weeks before the October 16th [*877] trial date. The court, however, did not receive the joint order until September 29, 2000. Partly as a result of this delay, Rockwell filed a motion for sanctions against plaintiffs' attorney (under *28 U.S.C. § 1927* and Eastern District of Michigan Civil Local Rule 16.2(c) ("Local Rule")), contending that the attorney had failed to cooperate in the preparation of the joint order. The district court stayed the motion pending the completion of the trial.

The trial lasted eight days. At the close of the evidence, Rockwell moved for a directed verdict, which the district court granted. Following the entry of judgment, Rockwell sought costs from the plaintiffs under *Rule 54(d) of the Federal Rules of Civil Procedure*. The district court awarded costs of $19,457.47 to Rockwell, and plaintiffs filed objections to the award. Rockwell also renewed its motion for sanctions and claimed that additional sanctions should be imposed in view of the conduct of plaintiffs' counsel at trial.

Page 1

On August 7, 2001, the district court held a hearing [**4] to address the costs and sanctions motions. With respect to costs, the court determined that plaintiffs had not overcome the presumption under *Rule 54(d)* that costs should be awarded to the prevailing party, and accordingly denied plaintiffs' objections. With respect to sanctions, the court found that plaintiffs' attorney had failed to cooperate in a timely manner in the preparation and submission of the joint order, that his trial tactics were unreasonable and vexatious, and that his conduct needlessly increased the length of the trial. On the basis of these findings, the district court imposed a sanction of $ 41,192 on plaintiffs' attorney.

II.

A.

Under *Rule 54(d)*, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Fed. R. Civ. P. 54(d)*. By its terms and as construed by the courts, the rule presumes that costs will be awarded to the prevailing party but empowers trial courts to deny costs in the reasonable exercise of their discretion. *See White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986)*. Where the district court [**5] has applied the presumption and awarded costs to the prevailing party, we review for a "clear abuse of discretion." *See Baker v. First Tenn. Nat'l Ass'n, 1998 U.S. App. LEXIS 5769, No. 96-6740, 1998 WL 136560, at *2 (6th Cir. Mar. 19, 1998)* (quoting *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 642 (7th Cir. 1991))*; *see also Wilkerson v. Johnson, 699 F.2d 325, 330 (6th Cir. 1983)* ("Courts have broad discretion in the awarding of costs in favor of or against parties to a proceeding.").

In awarding costs to Rockwell, the district court said that while the "whole of the record" demonstrated that the case was "aggressively pursued and aggressively defended," JA 2073, that fact was not enough to justify denying costs to Rockwell. On appeal, plaintiffs continue to argue that Rockwell's aggressive litigation tactics, which allegedly included missed discovery deadlines and ignored discovery orders, require us to overturn the costs award. We disagree. In the view of the district court, which (unlike us) had a ring-side perspective on these protracted proceedings, *both* parties were less than cooperative in litigating this case. Having [**6] reached that amply-supported conclusion, the district court acted well within its discretion in applying the presumption in favor of awarding costs to the prevailing party.

B.

An award of sanctions under *28 U.S.C. § 1927* and Local Rule 16.2(c) likewise [*878] receives abuse-of-discretion review. *See In re Ruben, 825 F.2d 977, 984 (6th Cir. 1987)* (reviewing a sanctions award imposed under *28 U.S.C. § 1927*); *Harbison v. Investors Trading Co., 1993 U.S. App. LEXIS 28661, No. 92-2236, 1993 WL 445089 (6th Cir. Nov. 2, 1993)* (reviewing a sanctions award imposed under Local Rule 16.2(c)). Under the federal statute, an attorney "who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *28 U.S.C. § 1927*. Under the local rule, a district court has broad latitude to impose "appropriate sanctions" on a party for failing to cooperate in preparing or submitting the joint final pretrial order. E.D. Mich. Civ. Local R. 16.2(c). While neither bad faith nor conscious [**7] impropriety is a prerequisite for sanctions under these provisions, *see Jones v. Continental Corp., 789 F.2d 1225, 1230 (6th Cir. 1986)*, the attorney's conduct must "fall[] short of the obligations owed by a member of the bar to the court and ..., as a result cause[] additional expense to the opposing party," *In re Ruben, 825 F.2d at 984*.

Plaintiffs' attorney argues that the district court abused its discretion in imposing the $ 41,192 sanction for two reasons: (1) he did not engage in any sanctionable behavior; and (2) the district court did not make sufficient findings to support the sanction. In support of the first argument, plaintiffs' attorney contends that the district court unfairly blamed him for refusing to stipulate in the joint pretrial order to the exclusion of documents that were "an essential component of plaintiffs' intended proofs." Br. for Att'y-Appellant at 20. But this was not the only explanation (or even the primary explanation) that the court gave for criticizing the behavior of plaintiffs' counsel. In determining that "plaintiffs' counsel failed to timely cooperate and was dilatory in the preparation and submission of the [**8] [joint order]," the court relied on the following factual findings:[1] Plaintiffs' counsel habitually cancelled established meetings with Defendant's counsel, often at the last minute, leading to further disruption in the preparation schedule.

[2] Plaintiffs' counsel delayed unreasonably in the preparation of his document designation of or copying of exhibits intended for trial, and delayed unreasonably in the final ERISA-case-specific verison of the [joint order].

JA 2068. Plaintiffs' attorney does not offer any indication why these factual findings were clearly erroneous. *See First Tech. Safety Sys. Inc. v. Depinet, 11 F.3d 641, 647 (6th Cir. 1993)*.

Nor does plaintiffs' attorney explain why the court erred in its pivotal determination that the trial would have taken five days rather than eight days if "plaintiffs' counsel had been properly attentive to the normal requirements of preparation and presentation." JA 2070. Among other things, the district court found that the following facts contributed to the unnecessarily long trial:[1] The trial conduct of Plaintiffs' counsel was marked consistently by the overly-long and often [**9] irrelevant presentation of direct examination ... and unreasonably lengthy discourse when responding to the court's questions or making legal arguments.

[2] The conduct of Plaintiffs' counsel in both pretrial and in trial preparation fell measurably short of the obligations owed by a member of the bar to the court and which, as a result, caused additional expense to the other party.

[3] The conduct of Plaintiffs' counsel multiplied the proceedings in this case unreasonably and vexatiously. [*879] JA 2070. Ample support exists in the record for these findings. In particular, as noted by Rockwell and as conceded by plaintiffs' counsel, plaintiffs' counsel never introduced the proposed evidence that the district court relied upon in allowing plaintiffs to survive summary judgment on their ERISA claims.

The second argument raised by plaintiffs' attorney fares no better. He claims that the district court abused its discretion by failing to make "explicit and discrete findings" to support the sanctions. *See In re Ruben, 825 F.2d at 991* ("[A] district judge faced with a sanction motion must make certain findings in determining that an award is appropriate. Careful [**10] analysis and discrete findings are required."). But a review of the record shows that the district court satisfied this standard. In addition to observing the underlying case first-hand and to hearing argument on the sanctions motion, the court issued a ten-page opinion that contained three pages of findings devoted solely to this issue. Although the findings do not identify events by date and time, they are sufficiently specific to allow a district court to impose sanctions in the exercise of its discretion and sufficiently specific for us to affirm the exercise of that discretion.

## III.

For the foregoing reasons, we AFFIRM the district court's rulings on costs and sanctions.