# Exhibit B

MILES BIVINS, Plaintiff-Appellant Cross-Appellee, v. UNITED STATES PIPE & FOUNDRY COMPANY, Defendant-Appellee Cross-Appellant.

Nos. 01-5256 and 01-5376

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

48 Fed. Appx. 570; 2002 U.S. App. LEXIS 21505

October 10, 2002, Filed

**NOTICE:**

**PUB-STATUS:** [**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA. 99-00384. Edgar. 01-18-01.

**DISPOSITION:** Affirmed.

**COUNSEL:** For MILES BIVINS, Plaintiff-Appellant Cross-Appellee (01-5256, 01-5376): Kenneth O. Fritz, Nelson, McMahan & Noblett, Chattanooga, TN.

For UNITED STATES PIPE & FOUNDRY COMPANY, Defendant-Appellee Cross-Appellant (01-5256, 01-5376): William H. Pickering, Chambliss, Bahner & Stophel, Chattanooga, TN.

**JUDGES:** Before: GUY and BATCHELDER, Circuit Judges; and QUIST, District Judge. *

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

**OPINION:** [*571]

**PER CURIAM.** Miles Bivins filed a claim in district court against his former employer, United States Pipe & Foundry Company ("U.S. Pipe"), pursuant to Title VII of the Civil Rights Act of [**2] 1964, as amended, *42 U.S.C. §§ 2000e-*2000e-17, and *42 U.S.C. § 1981.* Bivins claims he was terminated because of his race, African-American. The district court granted summary judgment to U.S. Pipe, but did not award costs to U.S. Pipe. The district court held that summary judgment was proper because Bivins failed to present evidence showing that he was treated less favorably than an employee outside the protected class. Bivins has appealed the grant of summary judgment. U.S. Pipe has appealed the refusal of the district court to award costs, not including attorneys fees. Upon *de novo* review, we affirm the summary judgment for U.S. Pipe. We remand the case to the district court to award costs to U.S. Pipe, or to state why such costs should not be awarded.

Bivins worked for U.S. Pipe since 1984. During his employment with U.S. Pipe, Bivins filed several grievances and claims of discrimination against the company. On January 21, 1999, Bivins got into a dispute with a shop foreman, Jim Hobbs, in Hobbs' office during a first step grievance meeting regarding vacation pay. Bivins testified in his deposition that Hobbs called him a "bold [**3] faced liar." Bivins admits that twice during his meeting with Hobbs, he said to Hobbs, "I know where you live." Hobbs asked Bivins if these statements were a threat, and Bivins responded, "You can take it any way you want." Bivins' union representative in effect terminated the meeting. Bivins' later explanation was that the statement "I know where you live" was not meant as a threat. It was, instead, a cultural reference -- Bivins knew that Hobbs lived in a predominantly white neighborhood. Shortly after this incident between Bivins and Hobbs, Michael Love, U.S. Pipe's personnel director, terminated Bivins, for having threatened Hobbs. Bivins was later reinstated after he filed a grievance.

To establish a claim of racial discrimination in employment, courts apply one of [*572] two tests: the so-called *McDonnell-Douglas* n1 circumstantial evidence test or the "direct proof" of discrimination test. *Huguley v. Gen. Motors Corp., 52 F.3d 1364, 1371 (6th Cir. 1995).* In this case there is no direct proof of discrimination, so the *McDonnell-Douglas* test applies. In order to establish a *prima facie* case, step four of the *McDonnell-Douglas* test requires a claimant [**4] to establish that he was treated less favorably than others outside of the protected class. *Harrison v. Metro Gov't of Nashville, 80 F.3d 1107,*

48 Fed. Appx. 570; 2002 U.S. App. LEXIS 21505

*1115 (6th Cir. 1996).* If the claimant meets the four steps of the test, then the employer has the burden of coming forth with evidence of a non-discriminatory reason for the adverse employment action. *St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507, 113 S. Ct. 2742, 2747, 125 L. Ed. 2d 407 (1993).* If the employer comes forth with a non-discriminatory reason for the adverse employment action, then, in order to avoid summary judgment, the claimant must come forth with some evidence that the employer's proffered reason is a pretext for discrimination. *Id. at 507-08, 113 S. Ct. at 2747.* At all times, the ultimate burden of persuading the trier of fact remains with the claimant. *Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S. Ct. 1089, 1093, 67 L. Ed. 2d 207 (1981).*

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -



n1 *McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 1824-25, 36 L. Ed. 2d 668 (1973).* This test applies to both Title VII and § 1981. *Christian v. Walmart Stores, Inc., 252 F.3d 862, 869 (6th Cir. 2001).*

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

**[**5]**

As the district court pointed out, there is no evidence in the record to support the proposition that Bivins was treated less favorably than any other employee. Bivins did not present evidence that those persons with whom he compared himself were similarly situated in all respects. Furthermore, regarding his retaliation claim, the district court correctly concluded that mere investigations by an employer do not constitute adverse employment actions. And the temporal proximity between Bivins' claims and his termination is of no significance in this case. If Bivins' statement to Hobbs could be objectively perceived as a physical threat, U.S. Pipe could take immediate action. The filing of a claim of discrimination does not immunize an employee from non-discriminatory adverse employment actions of an employer.

Bivins did not come forth with any evidence to show that U.S. Pipe's reasons for terminating him were pretextual. In this regard, the issue is not whether Bivins had a subjective intent to refer to the fact that Hobbs may have lived in a predominantly white neighborhood. The issue is whether a reasonable employer could have interpreted Bivins' statements as a threat. *Franzoni v. Hartmarx Corp., 300 F.3d 767, 772 (7th Cir. 2002);* **[**6]** *Swanson v. Gen. Servs. Admin., 110 F.3d 1180, 1186 (5th Cir. 1997).* A judge

of this court recently noted that the statement "'[I] know where you live' is a commonplace expression, implying coercion, in movies and the general culture." n2 Bivins concedes that he made the statement. An objective, reasonable employer would have perceived Bivins' statement to Hobbs as a physical threat. Therefore, U.S. Pipe did not unlawfully discriminate against Bivins when it terminated Bivins.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -



n2 *Frank v. City of Akron, 303 F.3d 752,* Nos. 00-3050, 00-3070, 2002 WL 31007767, at *1 (6th Cir. Sept. 9 2002)(Boggs, dissenting from denial of rehearing en banc).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

We find the other claims raised by Bivins in his brief to be without merit.

We must remand the case to the district court to properly exercise its discretion to award or deny costs to U.S. Pipe pursuant to *Fed. R. Civ. P. 54(d)(1).* That rule requires the award of costs, other than attorneys fees, to the prevailing party "unless **[*573]** the court otherwise directs. **[**7]** " This rule places considerable discretion in the district courts. At the same time, the prevailing party is presumed to be entitled to an award of costs, and any denial of costs to U.S. Pipe must consider the guidelines set forth in *White & White, Inc. v. American Hospital Supply Corp., 786 F.2d 728 (6th Cir. 1986).* It is important to note that U.S. Pipe is not seeking attorneys fees in this case; it is seeking to be reimbursed statutory costs which are usually paid to a successful litigant at the conclusion of a case.

Therefore, we order as follows:1) the judgment of the district court is affirmed;

2) this case is remanded to the district court for determination and award of defendant's costs or a statement of why such costs should not be awarded.