**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Case No. C-1-00-412

PETER M. HAGAN, JR.

    Plaintiff-Appellant,

                                      (Weber, Judge)

v.

WARNER/ELEKTRA/ATLANTIC
CORPORATION,

    Defendant-Appellee.

**PLAINTIFF APPELLANT'S RESPONSE MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANT WEA's BILL OF COSTS**

Donald B. Hordes, Esq.  (0014212)
SCHWARTZ, MANES & RUBY
2900 Carew Tower, 441 Vine Street
Cincinnati, Ohio  45202-3090
(513) 579-1414 │ (513) 579-1418 FAX
dhordes@smrfirm.com

Attorney for Plaintiff-Appellant,
Peter M. Hagan, Jr.

Plaintiff does not, needless to say, quarrel with the fact that Defendant was the prevailing party in this case. Nor does Plaintiff quarrel with the black-letter law principles perfunctorily laid out in the unpublished Sixth Circuit cases cited by Defendant on page 2 of its Response Memorandum. Rule 54 (d) of the Federal Rules of Civil Procedure does presume that certain designated costs of the prevailing party shall be taxed against the non-prevailing party, unless the trial court exercises its discretion to deny prevailing party its costs.

However, this is not the end of the analysis. The overriding issue is identification of the criteria a trial court will take into consideration in deciding whether or not to allow prevailing party's costs to be taxed to the non-prevailing party. In this regard, Defendant has ignored two altogether key decisions from the Western Division of the Southern District of Ohio handed down by Judges sitting in Cincinnati, Ohio, *Rosser v. Pipefitters Union Local 392*, 885 F.Supp. 1068 (S.D. Ohio 1995) (Weber, Judge) and *Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69(S.D. Ohio, 2000) (Spiegel, Judge).

*Rosser* involved a situation similar to the case at bar, where the non-prevailing party was a plaintiff who had brought a race discrimination suit under Title VII of the Civil Rights Act. This very court laid out eleven separate criteria to be evaluated in deciding whether or not to award prevailing defendant its costs. *Rosser* at 1071-1072. This court then went on to discuss each factors in depth to determine which of them militated in favor of, or against, awarding costs to the prevailing defendant. After doing so, this court concluded:

> "Considering the totality of the circumstances, this Court concludes that the case was close and difficult, the parties acted in good faith, the parties acted with propriety, [and] the defendants have received a great benefit from the litigation and vindication of its practices and procedures. Weighing these factors with all of the factors set forth herein, the Court concludes it is equitable for the parties to bear their own costs in this case."

*Id.* at 1072.

It bears emphasizing that in refusing to tax prevailing defendant's costs to the plaintiffs, this Court relied on only four out of the eleven factors as militating in favor of the non-prevailing party.

These very same four factors also militate in favor a finding that it would be similarly inequitable to tax Defendant WEA's costs against Plaintiff Hagan:

1. <u>The case was close and difficult</u>. As Plaintiff Hagan discussed in more detail in his initial memorandum in support of his Motion to Strike Defendant's Bill of Costs, there were a multitude of technical legal issues that the parties were required to brief and the Court was required to sift through. The fact that no trial was ever held in this case, and that the case was resolved at the summary judgment stage should not cause this Court to reach another conclusion. Over 20 depositions were taken which totaled over 3500 pages and 50 lengthy exhibits. The complexity of the legal and factual issues were the same, whether or not they were analyzed and disposed of at trial or through summary judgment.

2. <u>The parties have acted in good faith</u>. Defendant has never seriously argued, not can it argue now, that Plaintiff Hagan's lawsuit was frivolous. Here we have a middle-aged man who, after spending the greater part of his professional life with one company, and after having risen through the managerial ranks by dint of his own talents and ambition, was summarily told he was being demoted in favor of a less qualified minority individual, and was later laid off rather than being transferred to another position he was qualified to fill. In his own mind, he had reason to believe he had been discriminated against on two separate occasions because of his age and race. His good faith is also reflected in the personal and financial sacrifices he has made to pursue his case. He willingly shouldered the burden of underwriting the cost of travel for himself and his attorney to take depositions of numerous key Defendant managers in several cities throughout the country. It should also be noted that Plaintiff did prevail to the extent that it

succeed in persuading the Sixth Circuit Court of Appeals that it should assume that the Plaintiff had made out a prima facie case, and then move on to address the second two prongs of the McDonnell-Douglas test. Finally, in arguing that this Court should abandon the special onerous requirements foisted on reverse race discrimination plaintiffs by the Sixth Circuit to prove their prima facie case, Plaintiff was relying on recent dicta from the Sixth Circuit to the effect that the imposition of such extra burdens should reconsidered. *Pierce v. Commonwealth Life Insurance Co.* 40 F.3d. 796 801 (6th Cir. 1994). [1]

    3.    <u>The parties acted with propriety</u>. Again, there is no factual basis for concluding that Plaintiff Hagan conducted himself improperly throughout this litigation. He cooperated with Defendant throughout the discovery and briefing phases of the case. Defendant never filed any sort of motion to compel or motion for sanctions, or even threatened to do so. Plaintiff counsel's dealings with Defendant's counsel were at all times, collegial, cooperative, and above board.

    4.    <u>Defendant has received great benefit from this litigation</u>. Defendant was vindicated in its contention and belief that its efforts to bring more African-Americans and women into the workforce were altogether valid and did not constitute reverse race discrimination.

While this Court in *Rosser* did not ultimately rely on it, one of the eleven criteria it cited was whether or not the taxation of costs to plaintiff would have a chilling effect on other litigants. *Rosser* at 1072. However, this factor was cited by Judge Arthur Spiegel in a subsequent Southern District decision in *Pickens v. GLR Constructors*, supra, 196 F.R.D. at 77, wherein he, too, decided not to tax defendant's costs to the non-prevailing employee-plaintiff.

---

[1] Defendant attempts to portray Plaintiff's suit as frivolous since his age and race discrimination charges were based on the acts of several other middle-aged white men. However, the Sixth Circuit rejected this argument on the basis that race- or age-biased personnel actions are often undertaken by corporate representatives who are of the same age and race as the plaintiff. *Oncale v. Sundowner Offshore Services*, 523 U.S. 75, 78-79 (1978), *Mills v. First Federal Savings & Loan*, 83 F.3d, 833, 842 (7th Cir. 1996).

196 F.R.D. 69 at 77. The same rationale may be applied here, where other senior laid off workers who become unemployed or underemployed may be scared into not bringing employment discrimination actions for fear of having to pay their employer's costs if they lose.

Under all of these circumstances, and weighing the same factors this very court and another court in the Western Division did in previous similar cases, this court should exercise its discretion to decline to tax Defendant WEA's costs to Plaintiff Peter M. Hagan. [2]

Respectfully submitted,

OF COUNSEL :

s/ Donald B. Hordes_____
Donald B. Hordes     (0014212)
SCHWARTZ, MANES & RUBY
2900 Carew Tower
441 Vine Street
Cincinnati, Ohio  45202-3090
513/579-1414 |FAX 513/579-1418
dhordes@smrfirm.com
Attorney for Plaintiff-Appellant, Peter M. Hagan, Jr.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff Appellant's Response Memorandum In Support of Motion To Strike Defendant Wea's Bill Of Costs was served by ordinary U.S. Mail on David Skidmore, Esq., Frost, Brown and Todd, 2500 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 45202-4182, on this 8th day of February, 2005.

s/Donald B. Hordes
Donald B. Hordes

(105757_1)

---

[2] In the event this court chooses to tax costs, Plaintiff respectfully asks this Court to refuse to tax the unnecessary costs as set forth on page 5 of his Memorandum in support of his Motion to Strike.