UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PETER M. HAGAN, JR.,

    Plaintiff,

v.                                                             C-1-00-412

WARNER/ELEKTRA/ATLANTIC
CORPORATION,

    Defendant.

## ORDER

This matter is before the Court upon plaintiff's motion to strike defendant's Bill of Costs (doc. 48), defendant's opposing memorandum (doc. 49), and plaintiff's reply (doc. 50).

### I. Background

Plaintiff brought this action against defendant Warner/Elektra/Atlantic Corp. (WEA), a New York Corporation. Plaintiff brought claims for age, sex and race discrimination and violation of Ohio public policy. The Court granted summary judgment in favor of WEA on all claims. Plaintiff appealed the decision to the United States Court of Appeals for the Sixth Circuit. The appellate court upheld the Court's judgment in favor of defendant. Plaintiff then filed a petition for writ of certiorari to the United States Supreme Court, which was denied.

Prior to the conclusion of the appeals process, defendant submitted a Bill of Costs for $10,800.38, of which $44.46 is for witness fees and $10,755.92 is for deposition transcripts (doc. 33). Of the deposition transcript costs, $4,555.89 is for plaintiff's deposition. The invoices for

1

plaintiff's deposition transcript show "overnight expedite" costs of $871.50 plus $718.99, a total of $1,590.49.  The remaining transcript costs are for the depositions of Dennis Schone, Richard L. Froio, Raymond Milanese, Susanne Costello, Francis Stephen Aliberte, David Mount, Dawn Hagler, and Dale Hill.

Plaintiff moves the Court to strike the Bill of Costs on the ground that circumstances exist that are sufficient to rebut the presumption that the taxation of defendant's costs is appropriate. Plaintiff alleges that the factors set forth in *White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d 728 (6th Cir. 1986) militate against an award of costs in this case.  Plaintiff contends that he brought the suit in good faith, there was lengthy discovery conducted in the case, the issues were complex, and the case was close and difficult.

In the alternative, plaintiff moves the Court to reduce the amount of costs to be taxed, claiming that most of the costs listed in the Bill of Costs were unnecessary to WEA's defense of the litigation.  Plaintiff specifically objects to the deposition costs.  He argues that the vast majority of the depositions for which defendant seeks the attendance and transcription costs were not necessary to the litigation since in the summary judgment decision, the Court did not rely on the facts contained in any of the depositions noted in the Bill of Costs, except perhaps for plaintiff's deposition.  Plaintiff asserts that the Court rejected his claim "right out of the box inasmuch as he had not made out his prima facie case of reverse race discrimination."  Plaintiff alleges that even if the costs of taking his deposition were deemed taxable, the costs for expedited delivery of the transcript were totally unnecessary.  Plaintiff concludes that at a minimum, if costs are to be taxed at all, they should be limited to the costs associated with the taking of plaintiff's deposition, minus the costs associated with expedited delivery.

Defendant argues that there is no basis for departing from the norm and denying any of its costs in this case. Defendant denies that it seeks to recover costs for depositions that were not used in the case. Defendant asserts that plaintiff chose to conduct depositions in multiple cities, those depositions were filed with the Court, and both sides relied on those depositions in arguing their positions on summary judgment, the appeal to the Sixth Circuit, and the petition for writ of certiorari to the Supreme Court. Defendant asserts that it did not submit costs for numerous other depositions and subpoenas that were not necessary to the motion for summary judgment. Defendant does not address plaintiff's argument that the costs for the expedited transcript delivery were unnecessary and should not be taxed against plaintiff.

In reply, plaintiff contends that defendant has ignored two relevant decisions on costs handed down by this district court, **Rosser v. Pipefitters Union Local 392,** 885 F. Supp. 1068 (S.D. Ohio 1995)(Weber, J.) and **Pickens v. GLR Constructors, Inc.,** 196 F.R.D. 69 (S.D. Ohio 2000)(Spiegel, J.). Plaintiff claims that, as in **Rosser,** four factors militate against the taxation of costs in this case: (1) the case was close and difficult, (2) the parties have acted in good faith, (3) the parties acted with propriety, and (4) defendant has received great benefit from the litigation. Plaintiff also argues that other workers in situations similar to that of plaintiff may be scared into not bringing employment discrimination actions for fear of having to pay their employer's costs if they lose.

## II. Applicable law

Fed. R. Civ. P. 54(d) states that unless otherwise directed by a United States statute or a federal rule, "costs other than attorneys' fees shall be allowed as of course to the prevailing party," unless the court directs otherwise. Fed. R. Civ. P. 54(d)(1). The Rule raises a "presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White,* 786 F.2d at 730. While a district court retains the discretion to deny costs, the deference given to such decisions is limited in light of the Federal Rules' prescribed course of action. *Id.* at 731-732.

The Sixth Circuit has clarified which factors may appropriately require a denial or reduction of costs to a successful litigant. *Id.* at 730. It is inappropriate to consider the size of a successful litigant's award and the successful litigant's ability to pay its costs. *Id.* (internal citations omitted). A Court should consider whether "it would be inequitable *under all the circumstances in the case* to put the burden of costs upon the losing party." *Id.* (alteration in original) (citation omitted). A reduction in costs may be appropriate in close and difficult cases, when taxable expenditures are unreasonably large or unnecessary, or when the prevailing party should be penalized for needlessly prolonging the litigation. *Id.* While good faith and the propriety with which the losing party conducts the litigation are factors that the court may consider, they do not, in the absence of other factors, warrant an exercise of discretion under Rule 54(d). *Id.*

The types of costs that may be assessed against the losing party are enumerated in 28 U.S.C. § 1920. These include the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," [f]ees and disbursements for printing and witnesses," and "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."

The costs of taking and transcribing depositions reasonably necessary for the litigation are ordinarily allowed to the prevailing party. **Sales v. Marshall,** 873 F.2d 115, 120 (6th Cir. 1989).

"Necessity is determined at the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Id.* The Sixth Circuit has affirmed a district court's decision awarding costs for depositions in a case decided on summary judgment where "[t]he depositions were used as the evidentiary basis for defendant's motion for summary judgment and were substantially relied upon by [the district] court in determining that motion." **Arrambide v. Wal-Mart Stores, Inc.,** 33 Fed.Appx. 199, 203, 2002 WL 531137 *4 (6th Cir. 2002)(not published in Federal Reporter). Similarly, in **Helfrich v. Metal Container Corp**., 202 F.3d 268, 1999 WL 1253051 (6th Cir. 1999)(unpublished decision), the Sixth Circuit determined that the district court had not abused its discretion in awarding the defendant the cost of the plaintiff's deposition, which was submitted in support of the defendant's motion for summary judgment, pursuant to § 1920. The Court rejected the plaintiff's argument that the cost was unreasonable and the deposition was not necessarily obtained for use in his case because not every page of his deposition was utilized in support of the motion for summary judgment. *Id.* at *2.

Upon consideration of the pertinent factors, the Court finds that a complete denial of costs is not appropriate in this case. This was not a close and difficult case. Rather, as plaintiff

acknowledges, he was unable to establish a prima facie case on any of his discrimination claims. Further, while plaintiff did not act in bad faith, neither did defendant. In addition, it does not appear that defendant benefitted in any way from having to defend itself against claims that the Court determined at an early stage of the litigation to be without merit.  Finally, the taxable expenditures do not appear to be unreasonably large or unnecessary, with the exception of the expedited delivery costs, which are discussed below.  Except as to those particular costs, it is inappropriate to require defendant to bear its own costs in this case.

     Plaintiff's argument that the deposition costs should not be awarded against it because the Court did not rely on the depositions in rendering its decision on summary judgment is not well-taken.  Defendant relied on each of the depositions listed in the Bill of Costs to argue its summary judgment motion.  Plaintiff in turn relied on the vast majority of the listed depositions to oppose summary judgment.  Although the Court cannot comb through each of the depositions in order to ascertain which ones it relied upon in making specific findings, it is sufficient to note for purposes of awarding costs that the Court reviewed and considered the material portions of the depositions when deciding the summary judgment motion and made its decision based on the totality of the evidence before it, including the depositions cited by the parties.  Thus, it is appropriate that the deposition costs listed in the Bill of Costs be awarded against plaintiff, except that the costs listed for expedited delivery of plaintiff's deposition transcript will be deducted from the total cost award.

In accordance with the foregoing, plaintiff's motion to strike the Bill of Costs is **DENIED**. The Clerk's award of costs is **AFFIRMED** as amended herein. The award of costs shall be reduced by the amount of $1,590.49, resulting in a total cost award of $9,209.89.

**IT IS SO ORDERED.**


                                                S/ Herman J. Weber
                                                   HERMAN J. WEBER
                                  SENIOR JUDGE, UNITED STATES DISTRICT COURT


J:\HJWA\00-412costsPUB.wpd